WILLIAM W. BURGESS, in equity, *vs*. CHARLES O. STEVENS.

Penobscot.   Opinion December 30, 1884.

*Mortgage.   Foreclosure.   Attorney.*

A mortgagee employed an attorney to foreclose his mortgage and left with him the mortgage and note, and it was understood between them that the foreclosure should be by publication.   The attorney followed this method, but fearing that might prove ineffectual he, in the absence and without the knowledge of the mortgagee, brought suit on the mortgage, took conditional judgment, &c.   On a bill to redeem, brought by the mortgagor more than three years after the publication, but within three years from the time of entry under the writ of possession, *Held*:

1. That the second foreclosure by suit operated as a waiver of the first attempted foreclosure by publication.

2. That the attorney in bringing the foreclosure suit acted within the scope of his authority, and the mortgagee was estopped from repudiating that suit to the injury of the mortgagor.

ON REPORT.

Bill to redeem, heard on bill, answer and proof.   The opinion states the facts.

*James H. Burgess*, for the plaintiff, cited : *Chase* v. *McLellan*, 49 Maine, 375 ; *Dela* v. *Stanwood*, 61 Maine, 51 ; *Smith* v. *Kelley*, 27 Maine, 237 ; *Tufts* v. *Maines*, 51 Maine, 393 ; *Stewart* v. *Davis*, 63 Maine, 539 ; *Fay* v. *Valentine*, 5 Pick. 418 ; *Fletcher* v. *Cary*, 103 Mass. 475 ; *Treat* v. *Pierce*, 53 Maine, 71 ; *Moulton* v. *Bowker*, 115 Mass. 36.

*Davis and Bailey*, for the defendant, contended that the attorney had no authority to bring suit and that the suit did not operate as a waiver of foreclosure by publication.

The authority of the attorney was as limited as it would be possible to make it.   He was employed to do a particular thing in a particular way.   He was, as to this matter, an attorney in fact.   The relation of the parties was principal and agent, not attorney and client.   The attorney was not at liberty to foreclose in any other way.   1 Livermore, Agency, 103–4.

The most he could do was to make and publish a new notice if he regarded the first insufficient.

The fact that the note and mortgage remained with the attorney did not extend the powers expressly limited. The utmost that can be inferred from that was authority to receive the pay on them, and the attorney testifies that that was the expressed object of leaving them.

Counsel further contended that the second foreclosure by suit at law was not inconsistent with, nor waiver of the first foreclosure, because no actual possession was ever obtained under the writ of possession. The attorney testified, "I simply went down and took formal possession of the property, making no arrangement to continue possession." *Stewart* v. *Davis*, 63 Maine, 544; *Chase* v. *Marston*, 66 Maine, 271; *Smith* v. *Larrabee*, 58 Maine, 374; 2 Jones, Mortgages, § 1273; *Fay* v. *Valentine*, 5 Pick. 418.

HASKELL, J. The orator, being seized of a parcel of real estate, situated in Oldtown, in the county of Penobscot, mortgaged the same to the respondent to secure the payment within five years, of six hundred dollars with interest at nine per cent per annum. Prior to the expiration of the five years, respondent employed an attorney to foreclose the mortgage as soon as that time should expire. When the time had expired, the attorney caused notice, that a foreclosure of the mortgage was claimed, to be duly published and recorded; but fearing that the notice was insufficient, sued out a writ of entry from this court, in the name of the respondent, caused the same to be duly served upon the orator, entered it in court, and had judgment thereon as of mortgage, sued out a writ of possession and caused the same to be served and returned to court with a return of the proper officer thereon, that he had caused the respondent to have possession of the mortgaged premises. A sufficient abstract of the proceedings was seasonably recorded in the registry of deeds for the county of Penobscot.

The orator demanded of the respondent an account of the sum due on the mortgage, and that being refused him, brought this

bill to redeem within three years from the day the respondent had possession under his writ, but not until that period had elapsed after the publication of the foreclosure notice.

The respondent asserts, that the orator's right to redeem had become foreclosed by the lapse of three years after the first publication of the foreclosure notice, before an account was demanded and this bill was filed.

The orator insists, that the foreclosure by suit at law was a waiver of the foreclosure by publication.

After the writ of entry had been sued out, and before judgment thereon, respondent entered into and took possession of the mortgaged premises, and thereafterwards the orator attorned to him. The respondent might lawfully enter, for the legal estate and the right of possession were in him. He then became a mortgagee in possession. It is well settled in this state, that a mortgagee may enter into possession of the mortgaged premises after suit for foreclosure, without waiving it, or thereby barring his action. *Tufts* v. *Maines*, 51 Maine, 393. So he may maintain an action for possession merely, without waiving a foreclosure by publication. *Stewart* v. *Davis*, 63 Maine, 539.

A mortgagee, after the condition of his mortgage is broken, may have a foreclosure of his mortgage in any of the modes provided by statute : but he cannot avail himself of more than one method of foreclosing the same mortgage at the same time. It is sound law, that the prosecuting of an action for the foreclosure of a mortgage to final judgment and execution will operate as a waiver of other proceedings to foreclose the same mortgage previously begun. A mortgagor should not be harrassed with various foreclosure proceedings at the same time, and be compelled to elect at his peril, which one he shall regard, and perchance be misled, as the orator has been in this cause, by supposing the last was intended, until it was too late to redeem from an earlier proceeding. *Smith* v. *Kelley*, 27 Maine, 237 ; *Tufts* v. *Maines, supra; Fay* v. *Valentine*, 5 Pick. 418.

But the respondent claims that the suit upon his mortgage was unauthorized by him, and that he is not bound by any of the proceedings touching it, and that, as it was not his act, he did

not thereby waive his foreclosure by publication. Prior to the time when his mortgage debt fell due, the respondent, expecting to be absent from the state for some considerable period, called upon an attorney and counsellor of this court, handed him the mortgage and note, and directed that, when his debt should fall due, the mortgage should be foreclosed. It was then agreed between the respondent and his attorney, that the most desirable way to foreclose the mortgage would be by publication, and a notice for that purpose was prepared and signed by the respondent, and left with the attorney for future use. No other instruction was given the attorney by the respondent as to the method of foreclosure, and he soon afterwards left the state, and did not return until three years and seven months had elapsed since the first publication of the foreclosure notice, when he first learned of the foreclosure suit, and that the orator designed to redeem his land. The respondent, after taking counsel, refused to accept the amount of his mortgage debt, and the orator brought this bill for relief.

The respondent employed an attorney and counsellor of this court to foreclose his mortgage, and although one method was considered and settled upon between them, yet the employment was to accomplish the foreclosure, and any method, adopted by the attorney to do it, would be within the scope of his employment and authority. He may have departed in the accomplishment of his purpose from a particular method directed by the respondent, but to him had been intrusted the mortgage and note, and these he produced in court, that the conditional judgment might be awarded upon them. He informed the orator that his right to redeem would expire in three years from the respondent's entry under his *hab. fac.* The orator, relying upon this information, allowed the three years following the publication of the foreclosure notice to expire without redeeming his land. This information amounted to what the public records disclosed, and the orator had a right to rely upon their legal effect touching his interest in the mortgaged estate. The respondent has not caused his judgment to be vacated or annulled, nor has he taken any measures to that end. He gave the orator good cause to

believe that the attorney was clothed with full authority to accomplish the foreclosure by suit at law. The orator, relying upon the attorney's apparent authority, coupled with his express declaration in substance, that the former foreclosure proceeding had been waived, refrained from seasonably redeeming his land. The respondent cannot repudiate the act of his attorney to the injury of the orator, who appears to have acted innocently and honestly throughout. He must be held to have waived his first attempted foreclosure, and must abide the legal effect of his conditional judgment, for two reasons:

First, because the employment of his attorney was general, to foreclose his mortgage and take possession of the premises, and the attorney acted within the scope of his authority. *Jenney v. Delesdernier*, 20 Maine, 183.

Second, because he is estopped from repudiating the foreclosure suit to the injury of the orator, since he gave the orator reason to believe that he authorized the suit, and the orator acted upon that belief to his prejudice, if the suit should be held unauthorized. *Stanwood* v. *McLellan*, 48 Maine, 275; *Piper* v. *Gilmore*, 49 Maine, 149; *Wood* v. *Pennell*, 51 Maine, 82.

> *Bill sustained with costs. Decree to be entered at nisi prius.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.